UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IREN ANDERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> US DEPARTMENT OF EDUCATION, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. ED CV 21-1812 FMO (SPx) <br><br> **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

    Plaintiff Iren Anderson ("plaintiff") filed her complaint against defendant U.S. Department of Education ("defendant") on October 26, 2021. (Dkt. 1, Complaint). On December 1, 2021, plaintiff filed a proof of service indicating that the summons and complaint had been mailed to the U.S. Attorney General and the Civil Process Clerk for the U.S. Attorney for the Central District of California. (See Dkt. 7, Proof of Service by Mail at ECF 18 & 21). However, the court docket does not disclose any valid proof of service as to the U.S. Department of Education, the defendant agency named in the Complaint. (See, generally, Dkt.).

    By order dated February 9, 2022, plaintiff was ordered to file a valid proof of service no later than February 28, 2022. (See Dkt. 8, Court's Order of February 9, 2022, at 2). The order explained the service requirements for U.S. government agencies under Rule 4 of the Federal Rules of Civil Procedure.[1] (See id. at 1). The order also admonished plaintiff that "failure to timely

---

[1] All "Rule" references are to the Federal Rules of Civil Procedure.

file a valid proof of service shall result in this action being dismissed without prejudice for failure to effect service, for lack of prosecution and/or failure to comply with the orders of the court." (Id. at 2) (citing Fed. R. Civ. P. 4 & 41(b)); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)).  As of the date of this Order, plaintiff has not filed a valid proof of service of the summons and complaint on defendant.  (See, generally, Dkt.).

Rule 4(m) provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected "within 90 days after the complaint is filed[.]"  In addition, a district court may dismiss an action for failure to prosecute or to comply with court orders.  Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any court order).  Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy.  Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Id.; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) (same).

Pursuant to Rules 4(m) and 41(b) and the Court's inherent power to achieve the orderly and expeditious disposition of cases, Link, 370 U.S. at 629-30, 82 S.Ct. at 1388, and in light of the factors outlined in Henderson, supra, dismissal of this action without prejudice for failure to effect service within the specified time and to comply with the Court's Order of February 9, 2022 (Dkt. 8), is appropriate.

Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action, without prejudice, for failure to effect service and comply with the orders of this Court.

Dated this 7th day of March, 2022.

/s/
Fernando M. Olguin
United States District Judge